UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNA JACKSON,

    Plaintiff,

Case No. 12-13989

v.

HONORABLE DENISE PAGE HOOD

TRINITY HEALTH-MICHIGAN,

    Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
and
DISMISSING ACTION**

**I.    BACKGROUND/FACTS**

On December 10, 2012, Plaintiff Dianna Jackson filed a Complaint against Defendant Trinity Health-Michigan alleging: Race Discrimination-Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Count I); Race Discrimination-Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2101 *et seq.* (Count II); Retaliation-ELCRA, M.C.L. § 37.2701 (Count III); and, Violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* (Count IV).

Plaintiff, who is female and African-American, was employed by Defendant as Director of Radiology and Sleep Disorder Center on November 7, 2007. (Comp., ¶¶

7, 11) Throughout the course of her employment, Plaintiff performed her job duties in a manner that was satisfactory or better and never received any discipline for conduct or performance. (Comp., ¶¶ 13-14) Plaintiff informed her superiors that Erica Page, a subordinate and white, committed misconduct or negligence in the performance of her job, but Plaintiff was rebuffed by her superior and Page was never disciplined. (Comp., ¶ 18) It was Plaintiff who was criticized instead. (Comp., ¶ 18) Plaintiff's white supervisor prevented Plaintiff from exercising her legitimate authority and from issuing disciplinary measures to Plaintiff's white subordinate. (Comp., ¶ 19) Plaintiff was terminated on January 7, 2011 in retaliation for complaining to and reporting to her superiors that she was being treated differently than her subordinates. (Comp., ¶ 23) Plaintiff was replaced with a white female substantially younger than Plaintiff. (Comp., ¶ 24)

Defendant asserts that Plaintiff was terminated for poor performance. There were numerous complaints from Radiology management staff regarding Plaintiff's style of leadership. Plaintiff met with her management team to discuss the various complaints against her. Staff continued to complain about Plaintiff's leadership style and Plaintiff received constructive coaching with her performance evaluation. Plaintiff received an overall evaluation score of 2.88 out of 4 in February 2010. Plaintiff was again counseled in April 2010. Issues in the Radiology Department

continued to escalate. After further meetings, after consulting with the Hospital's CEO and others, Plaintiff was terminated effective January 7, 2011 due to her lack of leadership and poor performance.

This matter is before the Court on Defendant's Motion for Summary Judgment. Response and reply briefs have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. Summary Judgment Standard

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.     Race and Age Discrimination

#### 1.     Burden-Shifting / Comparable

Defendant asserts that Plaintiff has failed to state a *prima facie* case of race or age discrimination. Plaintiff responds that there is evidence to establish a *prima facie* case for the jury to decide.

Claims brought pursuant to Title VII's anti-discrimination provision and Michigan's Elliot-Larsen Act are subject to the tripartite burden-shifting framework first announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *White v. Baxter Healthcare Corp.,* 533 F.3d 381, 391 (2008). A plaintiff must establish a *prima facie* case and create a presumption of discrimination by showing by a preponderance of the evidence: 1) that she belongs to a protected

class; 2) that she was subjected to an adverse employment action; 3) that she was qualified for the job; and 4) that she was treated differently from similarly situated employees from a non–protected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995); and *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 361 (1999). Alternatively, a plaintiff could establish a *prima facie* case by presenting credible, direct evidence of discriminatory intent. *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1987). If a plaintiff proves a *prima facie* case, the burden of persuasion shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802. Once the employer carries this burden, the burden then shifts back to plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.*; *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). The plaintiff may meet this burden by showing: 1) that the stated reasons had no basis in fact; 2) that the stated reasons were not the actual reasons; or 3) that the stated reasons were insufficient to explain the employer's action. *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991). The burden of persuasion always remains, however, with the plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

Defendant asserts Plaintiff has not identified a single comparable individual who was treated more favorably than Plaintiff. Defendant claims Plaintiff was treated identically to at least 11 younger white managers who were terminated, including the individual she was hired to replace, Jack Osborne. Both Plaintiff and Osborne were terminated for poor performance. Defendant asserts that Plaintiff may attempt to identify Page as a comparable, but Page was Plaintiff's subordinate. Plaintiff does not respond to this argument.

An employee whom a plaintiff seeks to use as a comparable must be similarly-situated in "all of the relevant respects." *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998). The failure to identify a similarly situated employee who was treated more favorably than plaintiff is fatal to the plaintiff's claim under a disparate treatment theory. *Mitchell v. Toledo Hospital,* 964 F.2d 577, 583 (6th Cir. 1992). The similarly situated employee must have the same supervisor, be subject to the same standards and engaged in conduct of comparable seriousness to Plaintiff. *Id.*

Plaintiff does not identify a similarly situated employee in her response. Because Plaintiff is unable to identify a similarly situated employee, Plaintiff has failed to establish a *prima facie* case of discrimination based on race and age. Plaintiff attempts to show that Page, her subordinate, could be a comparable. However, Page

6

cannot be used as a comparable since she was not similarly-situated in all relevant respects as Plaintiff.

## 2. Direct Evidence of Age Discrimination

Plaintiff claims that she has shown direct evidence of age discrimination on the part of a decisionmaker, Martha Murphy. Murphy testified as follows:

> Q: Are you saying that Ms. Jackson was thought of as being a top down dictatorial leader?
> A. Yes.
> Q. And that was old school, in your mind?
> A. You might call it that. (Plaintiff's Ex. 10, p. 21)

Plaintiff claims that the expression "old school" is evidence to support a claim of age discrimination. Defendant replies that Murphy did not use the phrase, but that it was Plaintiff's counsel's description of Plaintiff's leadership style.

Courts have found that the phrase "old school" is not direct evidence of age discrimination since it is capable of several meanings, none of which have anything to do with age. *See, Kirkpatrick v. Pfizer, Inc.,* 391 Fed. Appx. 712, 720 (8th Cir. 2010). In *Sander v. Gray Television Group, Inc.,* 478 Fed. Appx. 256, 266 (6th Cir. 2012), the Sixth Circuit noted that if the plaintiff could credibly prove that the term "old school" was used, this would support a claim that the defendant had a discriminatory motive. As noted above, and as can be shown by Murphy's deposition, it was not Murphy who used the term "old school," but Plaintiff's counsel. There is

7

no evidence that Murphy used the term "old school" at any time, other than to respond to Plaintiff's counsel. Plaintiff has not established direct evidence of age discrimination.

### C. Retaliation

Defendant moves to dismiss Plaintiff's retaliation claim since she fails to allege a protected activity. Plaintiff does not respond to this argument.

The elements of a *prima facie* case of under Title VII and the Elliott Larsen retaliation claims are the same: 1) that plaintiff engaged in an activity protected by Title VII or Elliott Larsen; 2) that the defendant knew of this exercise of plaintiff's protected rights; 3) that defendant consequently took an employment action adverse to plaintiff; and 4) that there is a causal connection between the protected activity and the adverse employment action. *Balmer v. HCA, Inc.,* 423 F.3d 606, 613-14 (6th Cir. 2005); *Abbott v. Crown Motor Co., Inc.,* 348 F.3d 537, 542 (6th Cir. 2003).

Given that Plaintiff failed to respond to this argument or to submit any evidence of retaliation to rebut Defendant's evidence, the retaliation claims under Title VII and Elliot Larsen must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment (**Doc. No.**

**22**) is GRANTED.

IT IS FURTHER ORDERED that the Complaint and this action is DISMISSED with prejudice.

                                         S/Denise Page Hood
                                         Denise Page Hood
                                         United States District Judge

Dated: October 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2014, by electronic and/or ordinary mail.

                                         S/LaShawn R. Saulsberry
                                         Case Manager